UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 03-80023-Cr-Martinez

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DONALD PETERSON,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON VIOLATION OF SUPERVISED RELEASE**

For the reasons stated herein, the undersigned recommends that the District Court find that the Defendant has violated the terms of his supervised release. On February 13, 2019, the U.S. Probation Office filed a Petition alleging four violations of the Defendant's terms of supervision (DE 70):

    1.    On or about February 10, 2019, failing to refrain from violation of the law by committing the offense of possession of heroin, in violation of Florida law;

    2.    On or about February 10, 2019, failing to refrain from violation of the law by committing the offense of possession of cocaine, in violation of Florida law;

    3.    On or about February 10, 2019, failing to refrain from violation of the law by committing the offense of possession of drug paraphernalia, in violation of Florida law;

    4.    On or about February 10, 2019, associating with a person engaged in criminal activity, namely Crista Majors.

On March 14, 2019, the U.S. Probation Office filed a Superseding Petition (DE 76), which added a fifth alleged violation:

5. On or about March 5, 2019, unlawfully possessing a controlled substance, that is, cocaine, based on a confirmed positive urine specimen.

On May 9, 2019, the U.S. Probation Office filed a Second Superseding Petition (DE 81) which added a sixth alleged violation:

6. On or about April 25, 2019, unlawfully possessing a controlled substance, that is, cocaine, based on a confirmed positive urine specimen.

Mr. Peterson appeared before the Court on June 24, 2019, accompanied by his counsel. The Government indicated that a Third Superseding Petition had been submitted to the presiding District Judge, but that no action had yet been taken on that petition because the Judge was out of the district. The proposed Third Superseding Petition would add four more alleged violations:

7. On or about June 6, 2019, unlawfully possessing a controlled substance, that is, cocaine, based on a confirmed positive urine specimen.

8. On or about June 10, 2019, unlawfully possessing a controlled substance, that is, cocaine, based on a confirmed positive urine specimen.

9. On or about June 13, 2019, unlawfully possessing a controlled substance, that is, a positive urine sample for cocaine, with confirmation testing pending.

10. On or about June 13, 2019, failing to notify the U.S. Probation Office of a change in residence.

Mr. Peterson and the Government proposed a resolution under which (1) the Government would dismiss Violations 1-3 and Mr. Peterson would admit Violations 4-10, (2) the parties would

jointly recommend a sentence of one year and one day of incarceration with no further supervision.[1]

Mr. Peterson was advised of all of the alleged violations (including the proposed violations in the Third Superseding Petition) and of his right to require the Government to prove the violations by a preponderance of the evidence.  The Court reviewed the proposed resolution with Mr. Peterson on the record.  The Court informed the parties that because the Third Superseding Petition (and therefore Violations 7-10) had not been approved by the District Judge, the undersigned did not believe he had authority to accept an admission to those Violations.  Mr. Peterson indicated that he intends to admit the violations in the proposed Third Superseding Petition, if it is filed.  To avoid further delay, the parties requested that any admission to those violations occur before the District Judge at the time of sentencing.

After consulting with counsel, the Defendant waived his right to have the Government prove the violations, and instead admitted to Violations 4-6.  The Government (with the concurrence of the U.S. Probation Officer) moved to dismiss Violations 1-3.  Having conducted the colloquy with the Defendant and having observed his demeanor, the Court finds that the Defendant's decision to admit Violations 4-6 is a knowing and voluntary decision.  The undersigned remanded Mr. Peterson into custody pursuant to 18 U.S.C. § 3148.

WHEREFORE, the undersigned recommends that the District Court:

(1) Find that the Defendant has violated his supervised release as alleged in Violations 4-6 of the Second Superseding Petition and proceed to sentencing on those violations;

(2) Dismiss Violations 1-3 of the Second Superseding Petition;

(3) Conduct any proceedings on the proposed Third Superseding Petition at the time of sentencing.

---

[1] Violations 1-3 are based on state criminal charges that remain pending.

A party shall serve and file written objections, if any, to this Report and Recommendation with U.S. District Jose E. Martinez, within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. *See U.S. v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982) cert. denied, 460 U.S. 1087 (1983).

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 24th day of June, 2019.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE